



FILED
JAN 17 2012
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re | ) Case No. 11-49288-E-13 |
| LYUDMILA KISHCHENKO, | ) |
| Debtor(s) | ) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

## MEMORANDUM OPINION AND DECISION

Liliya Walsh has filed a Motion for relief from the automatic stay pursuant to Local Bankruptcy Rule 9014-1(f)(2). The original Proof of Service states that the Motion and supporting pleadings were served on the Chapter 13 Trustee and Office of the United States Trustee on December 23, 2011. By the court's calculation, 18 days' notice was provided. Fourteen days' notice is required. However, the Proof of Service filed indicates that the Motion was sent to "Andrey Kishchenko." (Dkt. 17). Mr. Kishchenko is the Debtor's husband and commenced his own Chapter 13 case in November 2011, in which Movant filed a motion for relief from the automatic stay.

Movant appeared at the January 10, 2012, hearing and presented the court with a proof of service attesting to service of the pleadings on the Debtor. The Proof of Service was filed on January 10, 2012 (Dkt. 24). Proper notice and service has been provided.

The hearing was continued to January 17, 2012, at 10:30 a.m., at which time both the Movant and Debtor appeared. The court conducted the hearing and issues this Decision on the Motion.

## MOTION FOR RELIEF FROM STAY

Movant seeks relief from the automatic stay to allow her to proceed with obtaining possession of real property commonly known as 2201 Raintree Court, Rocklin, California. It is alleged that Movant rented the property to the Debtor and her husband, Andrey Kishchenko. When the rental relationship came to an end, Movant served several three-day notices to vacate the property. When the Debtor and Andrey Kischenko did not vacate, Movant commenced an unlawful detainer proceeding in state court. Trial in the unlawful detainer action was scheduled for November 28, 2011, but was stayed by Andrey Kishchenko when he filed a Chapter 13 bankruptcy case. That Chapter 13 case was dismissed on December 5, 2011.

The unlawful detainer trial was rescheduled for December 23, 2011. That trial was stayed by the Debtor commencing the instant Chapter 13 case. It is alleged that the Debtor and her husband have filed a series of bankruptcy cases solely for the purpose of disrupting the state court unlawful detainer process, without any intention to engage in a good faith Chapter 13 reorganization.

Movant further asserts that her family is suffering a significant hardship by the Debtor and Andrey Kischenko failing to

return possession of the property to Movant. Rent has not been paid, while Movant continues to have the expenses for the property. No payment of rent has been made for the months of September, October, and November 2011. More significantly, Movant's family needs to use the 2201 Raintree Court, Rocklin, California property as its personal residence.

The Declaration of Liliya Walsh is provided in support of the motion. She provides testimony as to the attempts to obtain possession of the property, the providing of three-day notices, and commencing the unlawful detainer proceedings. She also testifies to the failure of the Debtor to make full rent payments since October 2010, and the failure to make any rent payments for the months of September, October, and November 2011. She states that the lease was terminated on January 31, 2010, and the Debtor was in possession on a month-to-month lease.

The Motion asserts that the present bankruptcy filing is part of a delay tactic connected to the Andrey Kishchenko bankruptcy filing. It is asserted that the Andrey Kishchenko Chapter 13 filing and the present Chapter 13 filing are a coordinated effort to deprive Movant of her right to possession of the property. The Movant directs the court to consider the prior Chapter 7 case filed by the Debtor and Andrey Kischenko, in which both received their discharge in July of 2010.

### OPPOSITION STATED AT THE HEARING

The Debtor appeared at the hearing and asserted that the Movant should not be granted relief from the automatic stay for several reasons. First, she contends that the property has been transferred into a trust. The Movant does not dispute that it has

3

been transferred into a trust, and asserts that Movant is the beneficiary of the trust and manages the trust property

The Debtor next argues that she disputed the arrangement by which she and her husband were given possession of the property and that they did not have to give possession back to Movant  These real property and contract issues well exceed the summary scope of a motion for relief and are properly the subject of the pending unlawful detainer proceeding  The Debtor could not state any bankruptcy issues relating to this dispute

The Debtor was asked, and could not provide information to the court as to what reorganization was being attempted  The only answer given was that the Debtor and her husband have some tax liability they need to address  The Debtor also stated that she did not know what was to happen in the bankruptcy case, but she had an attorney who was working on the papers  When asked the attorney's name, the Debtor's response was "Dave," and she was unable to provide any last name

In response to the court's inquiry as to why she did not file bankruptcy with her husband in November 2011, and why was his bankruptcy filing and the current bankruptcy filed by her on the eves of the original and reset state court unlawful detainer trials, the Debtor's response was that it was because a tax debt would appear on their credit report  Further, she could not provide the court with any explanation as to why she and her husband were filing separate cases if each of them needed to reorganize

///

///

**TWO PRIOR BANKRUPTCY CASES**

Case 10-28185 Andrey Kishchenko and Lyudmila Kishchenko

>Chapter 7
>Case Filed   March 31, 2010
>Discharge Entered   July 7, 2010
>Case Closed   August 6, 2010

This Chapter 7 case was filed by the Debtor and her husband, Andrey Kishchenko.  The address for the Debtor and her husband is listed as 2201 Raintree Court, Rocklin, California.  The Statement of Financial Affairs list the two debtors as having $7,040.00 in income in 2009, and $0.00 income in 2010.  Schedule J lists an expense of $1,450.00 a month for rent or mortgage.  No creditor with a secured claim is listed on Schedule D and Schedule G does not list a lease.

Case 11-47064 Andrey Kischenko

>Chapter 13
>Case Filed   November 11, 2011
>Case Dismissed   December 5, 2011

This Chapter 13 case was filed solely by Andrey Kishchenko, the co-debtor of Lyudmila Kishchenko in the Chapter 7 case.  On his bankruptcy petition, Andrey Kishchenko lists 2201 Raintree Court, Rocklin, California, as his address.  On page two of the Petition, Andrey Kishchenko incorrectly states that he has not filed any prior bankruptcy case in the eight years preceding the commencement of his present case.  On the Summary of Schedules, Andrey Kishchenko states that he has $0.00 of real property assets and $0.00 of personal property assets.  Further, that he has $0.00 of secured claims, $0.00 of unsecured priority claims, and $1,500.00 of unsecured non-priority claims.  Schedule A attached to the petition lists 2201 Raintree Court, Rocklin, California as an

asset, with the value stated as "unknown." Schedule F lists one creditor, named "Rental" with an address of 2201 Raintree Court, Rocklin, California, having a claim in the amount of $1,500.00. A Notice of Incomplete filing was issued by the Clerk for Andrey Kishchenko's failure to file a Chapter 13 Plan, Means Test, Schedules B, C, D, E, G, H, I, and J, and Statement of Financial Affairs.

The Verification of Master Mailing List filed by Andrey Kischenko lists only one person, "Rental, 2201 Raintree Court, Rocklin, California 95765." Mr. Kischenko failed to file the basic pleadings necessary to prosecute a Chapter 13 case identified in the Notice of Incomplete Filing and the court dismissed the case.

The Movant filed a motion for relief from the automatic stay in Mr. Kischenko's case. The case having been dismissed prior to the hearing on the motion for relief, it was denied as moot. The motion in Mr. Kischenko's case is substantially the same as the Motion filed in the Lyudmila Kishchenko case now before the court.

### CURRENT LYUDMILA KISHCHENKO CHAPTER 13 CASE

The Petition filed in this case lists 2201 Raintree Court, Rocklin, California, as the Debtor's residence. On page 2 of the Petition, the Debtor incorrectly states that she and her spouse have not filed any other bankruptcy cases in the eight year period preceding the commencement of the instant case. Schedule A lists the 2201 Raintree Court, Rocklin, California, property as an asset, with the value stated as "unknown." Schedule F lists one creditor holding a general unsecured claim. This creditor is stated to be "Rental, 2201 Raintree Court, Rocklin, CA," with the claim listed as disputed and unliquidated, in the amount of $1,500.00. The

6

Verification of Master Mailing List filed by the Debtor lists only one person, "Rental, 2201 Raintree Court, Rocklin, California 95765." These pleadings appear to be substantially the same as those filed by Andrey Kischenko in Case No. 11-47064.

The Clerk issued a Notice of Incomplete Filing of documents in this case, with the Debtor failing to file the Chapter 13 Plan, Means Test, Schedules B, C, D, E, G, H, I, and J, and the Statement of Financial Affairs. On January 5, 2012, the Debtor filed a Request for Extension of Time to File and Complete Schedules. The grounds stated for the extension was "Due to multiple business activities, and financial issues." No order on the motion to extend was entered by the court. None of the missing documents have been filed by the Debtor as of January 17, 2012.

The Chapter 13 Trustee has filed a statement of non-opposition to the Motion for Relief From the Automatic Stay. January 6, 2012 docket entry. On January 13, 2012, the Chapter 13 Trustee filed a Motion to Dismiss the case for failure to file documents and unreasonable delay which is prejudicial to creditors.

**RULING**

Pursuant to Local Bankruptcy Rule 9014-1(f)(2), if the responding party appears at the hearing and presents an opposition or good cause, the court will set the matter for further hearing. With respect to this motion, the Debtor has not stated an opposition to the Motion. The majority of her argument would be the opposition in the unlawful detainer proceeding, not a summary bankruptcy motion for relief from the stay proceeding. *See Hamilton v. Hernandez*, No. CC-04-1434-MaTK, 2005 Bankr. LEXIS 3427 (B.A.P. 9th Cir. Aug. 1, 2005), relief from stay proceedings are summary

7

proceedings which address issues arising only under 11 U.S.C. Section 362(d). *Hamilton*, 2005 Bankr. LEXIS 3427 at *8-*9 (citing *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985)). The court does not determine underlying issues of ownership, contractual rights of parties, or issue declaratory relief.

Additionally, when unable to respond to questions as to what the Debtor, as a *pro se* litigant, was trying to accomplish through the bankruptcy process, reference was made to "Dave" the attorney who was working on the paperwork. No attorney has appeared for the Debtor in this case.

No colorable opposition to the Motion has been presented by the Debtor. Merely contending that the automatic stay should prevent an unlawful detainer proceeding from being conducted, and the state court judge properly addressing the issues of right to possession of the property, does not state an opposition to the Motion.

The automatic stay may be terminated for cause pursuant to 11 U.S.C. § 362(d)(1) or because there is no equity in the property for the Debtor and it is not necessary to any effective reorganization, 11 U.S.C. § 362(d)(2). For this Motion, both grounds apply.

Based on the evidence provided, the court finds that Debtor has no equity in the property. Once a movant under 11 U.S.C. § 362(d)(2) establishes that a debtor has no equity, it is the burden of the debtor to establish that the collateral at issue is necessary to an effective reorganization. *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365,

375-76 (1988); 11 U.S.C. § 362(g)(2). However, Debtor has not filed a plan or presented opposition showing that the subject property is necessary to an effective reorganization. Based upon the evidence submitted, the court determines that there is no equity in the property for either the Debtor or the Estate. 11 U.S.C. § 362(d)(2).

To the extent Movant was seeking relief for "cause" under § 362(d)(1), the court maintains the right to grant relief from stay for cause when the debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has failed to make required payments, or is using bankruptcy as a means to delay payment or foreclosure. *In re Harlan*, 783 F.2d 839 (B.A.P. 9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). Cause includes the interests of the Movant not being adequately protected. Under the facts and circumstances of this motion, the court further determines that Movant's interests, as the owner of property under an alleged terminated lease, are not adequately protected. Movant's recourse under this situation is to address the issue in the state court unlawful detainer proceeding, in which the Debtor can assert her rights to the extent that such relief is not warranted. The court determines that cause exists for terminating the automatic stay since the Debtor failed to make post-petition payments. 11 U.S.C. § 362(d)(1); *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985).

**RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

While the legal basis for the relief requested was not pled with the clarity of an attorney, this *pro se* Movant has asserted that the multiple filing of bankruptcy cases by the Debtor and her

husband, Andrey Kischenko, have been part of a scheme to improperly delay the state court unlawful detainer proceeding. Movant expressly asserts that under the facts of the two cases, the Debtor is not attempting any honest prosecution of the bankruptcy case. This is a contention that the Debtor is not proceeding in good faith.

In addition to the first two grounds for relief from the automatic stay, 11 U.S.C. § 362(d)(4) provides further relief with respect to the automatic stay of an act against real property when the court finds that the filing of the bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that involved either (1) transfer of all or part of the property or (2) multiple bankruptcy filings affecting such real property.

The unlawful detainer proceeding was filed on August 9, 2011. It was amended October 20, 2011, to include the amount owed for past due rents. Though the Debtor and Andrey Kischenko had discharged their obligations in the 2010 Chapter 7 bankruptcy case, they had fallen into default on their rent obligations. After the rental arrangement was terminated and Movant concluded the month-to-month rental, the Debtor and Andrey Kischenko retained possession of the property.

On the eve of the first date set for the unlawful detainer trial, Andrey Kischenko commenced his Chapter 13 case with a skeletal filing. He failed to file the basic pleadings necessary, and that case was dismissed. From reviewing what was filed, the court cannot discern any reorganization to be undertaken.

Following the dismissal of the Andrey Kischenko case, the unlawful detainer trial was reset for December 23, 2011. The Debtor

commenced the present Chapter 13 case with her skeletal filing on December 21, 2011. None of the additional basic documents required to prosecute a Chapter 13 case have been filed by the Debtor, notwithstanding 27 days having passed since this case was commenced. From the documents filed, the court cannot discern any good faith reorganization being attempted in this case. Further, it appears that the skeletal pleadings used for this case are substantially the same as used by Andrey Kischenko in his prior Chapter 13 case.

The court also considers that the Debtor and Andrey Kischenko both incorrectly stated under penalty of perjury in their separate Chapter 13 Petitions that neither they nor their spouse had commenced any bankruptcy cases in the eight year period preceding the commencement of their respective Chapter 13 cases. Both listed their one creditor holding a general unsecured claims as "Rental," and then used their own address for that "creditor." Neither the Debtor nor Andrey Kischenko listed Movant, the person who was pursuing them in the state court unlawful detainer action.

The court finds that the filing of the present bankruptcy case is one where multiple bankruptcy cases have been filed as part of a scheme to delay, hinder and defraud Movant, a creditor. Upon such finding, the court further orders that this order for relief from the automatic stay will be binding in any subsequent bankruptcy filings as to this property for a period of two years from the date of the order granting relief from the stay, if this order is properly recorded.

In granting the 11 U.S.C. § 362(d)(4) relief, the Debtor is not without remedy. She may properly assert her rights and

defenses in the state court unlawful detainer action.  Further, in a subsequent bankruptcy case the judge may, based on a change in circumstances or good cause shown, may grant relief from this order after notice and hearing.

The court shall issue an order terminating and vacating the automatic stay to allow Liliya Walsh, and her agents, representatives and successors, to exercise her rights to obtain possession and control of the real property commonly known as 2201 Raintree Court, Rocklin, California, including unlawful detainer or other appropriate judicial proceedings and remedies to obtain possession thereof.

The moving party has alleged adequate facts and presented sufficient evidence to support the court waiving the 14-day stay of enforcement required under Rule 4001(a)(3).
No other or additional relief is granted by the court.

This Memorandum Opinion and Decision constitutes the court findings of fact and conclusions of law in this contested Matter. Fed. R. Civ. P. 52, Fed. R. Bank. R. 9014, 7052.  Because a hearing on a Motion for Relief From the Automatic Stay is a summary Proceeding, the findings of fact and conclusions of law made by the court are limited to this Motion only, and no determination is made as to the respective rights of the parties, including, without limitation, the Debtor's right to occupy, possess, or deliver possession of the real property, and the existence or non-existence of any lease or rental agreement.

///

///

///

The court shall enter an order granting relief from the automatic stay consistent with this Decision

Dated January 17, 2012

_____
RONALD H SARGIS, Judge
United States Bankruptcy Court

| | |
|---|---|
| 1 | **CERTIFICATE OF MAILING** |
| 2 | The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below |
| 3 | |
| 4 | |
| | Service List |
| 5 | |
| 6 | Liliya Walsh |
| | PO Box 1202 |
| 7 | Rockling, CA 95677 |
| 8 | Lyudmila Kishchenko |
| | 2201 Raintree Ct |
| 9 | Rocklin, CA 95765 |
| 10 | David Cusick |
| | PO Box 1858 |
| 11 | Sacramento, CA 95812-1858 |
| 12 | Office of the U S  Trustee |
| | Robert T Matsui United States Courthouse |
| 13 | 501 I Street, Room 7-500 |
| | Sacramento, CA 95814 |
| 14 | |
| 15 | |
| 16 | |
| 17 | DATE 1/17/2012 |
| 18 | Deputy Clerk |
| 19 | Mark D Swim |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |